## In re FOXCROFT BUILDING CORP. FOXCROFT LTD., Debtor.

### Bankruptcy Nos. 81–00825–BKC–TCB, 81–00836–BKC–TCB.

United States Bankruptcy Court, S. D. Florida.

Aug. 31, 1981.

Samuel Goldman, Miami, Fla., for Skylake Bank.

Leo Greenfield, North Miami, Fla., for debtor.

Barbara Phillips, Miami, Fla., for Foxcroft Condo Apts.

Irving Wolff, Miami, Fla., for City Nat'l. Bank.

### ORDER ON OBJECTION AT CREDITORS' MEETING

THOMAS C. BRITTON, Bankruptcy Judge.

During a creditors' meeting held on August 10, the debtor's representative, Feldman, was asked:

> "Would you know if Mr. Feinstein is an officer or a director of that corporation (Heritage Corp.)?"

The question was objected to by the debtor:

> "It's immaterial and irrelevant what Mr. Feinstein is in reference to Heritage Corp."

The scope of examination at a creditors' meeting is extremely broad. 11 U.S.C. § 343; B.R. 205(d) 2 *Collier on Bankruptcy* (15th ed.) ¶ 373.05. B.R. 205, which remains applicable under the Code provides that:

> "The examination . . . may relate only to the acts, conduct, or property of the

bankrupt, or to any matter which may affect the administration of the bankrupt's estate, or to his right to discharge."

 Heritage Corporation is this chapter 11 debtor's largest creditor. According to the debtor's schedules at least some of the debtor's books and records are in the possession of Heritage and payments have been made during the year before bankruptcy to Heritage. Edward Feinstein is the holder of 42.5% of the stock of the debtor corporation. The relationship of Feinstein to Heritage Corporation could clearly affect the administration of this estate in several ways. The question is well within the scope of permissible examination. The objection is overruled.

The witness, Feldman, is ordered to answer the question fully and completely in affidavit form within seven days, filing the affidavit with the clerk in this case, and sending a copy to the interrogating attorney, Samuel Goldman.